WIGGINTON, Judge.
Appellant, who was the mortgagor and principal defendant in this mortgage foreclosure suit, has appealed the summary final decree of foreclosure and sale entered against him. He contends that the record reveals genuine issues of fact which may be resolved only upon the proofs adduced at a trial on the merits, and that the chancellor erred in rendering the summary final decree here questioned.
The complaint filed by appellee, a Louisiana corporation, alleges inter alia that appellant was indebted to it in the sum of $10,-959.06 for money loaned, and to evidence this indebtedness appellant executed and delivered to appellee his promissory note in a like amount, copy of which is attached to the complaint as an exhibit. No place of payment is specified in the note. It is further alleged that to secure the note and interest thereon, appellant executed and delivered to appellee a 'mortgage encumbering certain property in Okaloosa County, a copy of which is Attached to the complaint as an exhibit. The mortgage contains no provision with respect to the place where the indebtedness is payable. It is alleged that appellant defaulted in payment of'the note according to the tenor thereof, and that no payments have been made thereon. The complaint contains the usual prayer for *204 judgment in the amount of indebtedness claimed to be due, together with interest, costs and attorneys’ fees; that the lien of the mortgage be foreclosed and the property sold to satisfy the amount found to be due appellee. The clear import of the complaint is that appellant is indebted to appellee in the face amount of the note in the sum of $10,959.06, plus interest from date.
In his answer filed in the cause appellant asserted an affirmative defense of usury under the laws of Florida,[1] and prayed for affirmative relief in bar of payment, to which defense appellee filed no reply. In an apparent attempt to meet this defense on its motion for summary final decree, appellee filed an authenticated copy of Articles 2920 and 2924 of the Civil Code of Louisiana, LSA, the pertinent portions of which are as follows:
“Art. 2920. The borrower is obliged to restore the thing lent in the same quantity and condition, and at the place and time agreed on. If no spot has been fixed on for the restitution, it must be made at the place where the loan was made.”
“Art. 2924. * * * The owner of any promissory note * * * shall have the right to collect the whole amount * * * notwithstanding such promissory note * * * may include a greater rate of interest * * * than eight per cent per annum; provided such obligation shall not bear more than eight per cent per annum after maturity until paid. Provided however where usury is a defense to a suit on a promissory note or other contract of similar character, that it is permissible for the defendant to show said usury whether same was given by way of discount or otherwise, by any competent evidence.”
Appellant’s point on appeal relates to the question of usury raised as an affirmative defense in his answer. He contends that the loan transaction which culminated in the execution and delivery of the note and mortgage sued upon was consummated in Oka-loosa County, Florida, where this suit is instituted, and that county is the place where the indebtedness is payable. He argues that the statutes of this State which require forfeiture of money loaned at a usurious rate of interest are applicable to this case and constitute a complete bar to the claim of appellee as alleged in its complaint. From this appellant reasons that since there was no proof in the record touching upon the issues of law and fact raised by this affirmative defense, the chancellor erred in entering the summary final decree appealed.
Conversely, appellee contends that the original loan transaction between the parties hereto was consummated in the State of Louisiana as a result of which appellant executed and delivered to appellee his promissory note as evidence of the amount in which he was indebted. It is asserted that the promissory note sued upon in this cause, although executed and delivered in Oka-loose County, Florida, was in renewal of the original note executed and delivered in the State of Louisiana where the indebtedness evidenced thereby is payable. Appellee argues that since the original loan transaction occurred in Louisiana, and the indebtedness is payable there, the laws of that state are applicable. It insists that under the law of Louisiana, as evidenced by the authenticated articles of the Civil Code of that state, the loan made by it to appellant is not usurious nor subj ect to forfeiture as would otherwise be the case had the loan transaction been consummated in Florida. Appellee insists that since the original loan transaction is not usurious under the law of Louisiana, the chancellor was correct in determining that the affirmative defense of usury asserted by appellant was without merit and created no genuine issue of any material fact in the case which would preclude the entry of summary final decree.
We pretermit any discussion or ruling on the respective contentions of the parties *205 regarding the defense of usury. The record contains no evidence of any nature tending to establish whether the loan transaction was consummated in Florida or Louisiana, or where the indebtedness in question was payable. The inferences which might be drawn from the documents themselves are inconclusive at best, and cannot lead unerringly to the fact which would have to be established in order to justify summary disposition of the case. Until the situs where the transaction occurred and the indebtedness is payable has been determined by the trial court, and a ruling made as to the law which should be applied to the facts as found from the evidence, there is no question upon which this Court may pass.
For the reasons hereinabove stated the summary final decree appealed is reversed and all subsequent proceedings had thereon are set aside. The cause is remanded for further proceedings consistent with the views expressed herein.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. F.S. Section 687.07, F.S.A.